[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION TEMPORARY INJUNCTION (#101)
The instant case is before the court on the plaintiff City of Shelton's application for a temporary injunction, requesting that the court restrain the defendants from an unregistered trailer (truck container) on premises owned by them at 16 Lynwood Court, Shelton, Connecticut. It is the position of the City that the storage of said trailer upon the property in question, within a residence zone, constitutes a nuisance and is in violation of the Shelton Zoning Regulations.
The evidence discloses that the defendant, Ronald Amante, is a self-employed contractor and uses the trailer to store his tools, as well as excess lumber and other building materials remaining from a previous job, to be used in a succeeding job or jobs. The trailer is well setback from the street and behind the defendants' house, and is surrounded by trees which effectively hide its presence.
The City claims that the trailer violates Section 23.2 of its zoning regulations, and more particularly Section 23.2.2 which proscribes "junk yards; bulk storage of cement, concrete mixing plants; and bulk storage of petroleum products in tanks . . . ." A "junk yard" is defined in Section 5.11 of the zoning regulations "to include any `junk yard,' `motor vehicle junk business' and `motor vehicle junk yard' as defined in the General Statutes of the State of Connecticut.
General Statutes § 21-9 defines "junk yard" as follows: "`junk yard' means any place in or on which old metal, glass, paper, cordage or other waste or discarded or secondhand material, which has not been a part, or is not intended to be a part, of any motor vehicle, is stored or deposited."
The court finds that the defendants use of the trailer does not come within the definition of activities under the applicable zoning regulations or General Statutes. The defendant, Ronald Amante, testified that the materials that were stored were his tools and materials used for building. As such, the materials are not waste or other discarded or secondhand material. In addition, the defendants are not storing the trailer itself (Section 5.11), but they are using the trailer as a storage shed. CT Page 1428-R
For the reasons set forth above, the court denies the plaintiff's application for a temporary injunction.
SKOLNICK, J.,